**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**KAYLE J. PILIEGO**                                                                    **PLAINTIFF**

**V.**                                      **Case No. 4:23-CV-148-JM**

**JOHN DUPUY,** *et al.*                                                              **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Kayle Piliego paid the filing fee and filed her *pro se* complaint under 42 U.S.C. § 1983. (Doc. 1). Ms. Piliego seeks damages from Louisiana defendants—St. Tammany Parish Sheriff Randy Smith and Deputy John Dupuy as well as from the St. Tammany Parish District Attorney and Assistant District Attorneys Will Macke, Taylor Nicholson, Darrell Sims, Patricia Amos—for events that occurred in St. Tammany Parish, Louisiana when Ms. Piliego was also a resident there. (*Id*.). Before the Court are defendants' motions to dismiss for lack of jurisdiction. (Doc. 12 & 13). As will be discussed below, defendants' motions are well taken and are GRANTED, in part.

**I.        Background**

Ms. Piliego asserts that, after "unknowingly" commercially renting her home in violation of local ordinances, she was unlawfully harassed by St. Tammany Parish, Louisiana law enforcement and district attorneys. (Doc. 1). Ms. Piliego, a former resident of St. Tammany Parish, explains that, beginning in December 2018, she commercially advertised her personal property for rent on websites such as Airbnb. (*Id*. at 8). In subsequent years, adjacent neighbors repeatedly made noise and other complaints to local authorities which eventually resulted in a temporary restraining order and preliminary injunction being issued in October 2020 to prevent future rentals. (*Id*. at 8–9). The complaining neighbor also later obtained a protective order against Ms. Piliego

in June 2021. (*Id*. at 9). Within minutes of being served with the protective order, Ms. Piliego alleges that Deputy Dupuy unlawfully, and with excessive force, arrested her. (*Id*. at 10). She further says the district attorneys then maliciously prosecuted her. (*Id*.). As a result of these events, Ms. Piliego states that she was forced to sell her Louisiana home at a loss and relocate to Arkansas in November 2021. (*Id*. at 11). She seeks damages. (*Id*. 11–12).

## II.     Discussion

Defendants argue personal jurisdiction does not exist and seek to dismiss this action under Federal Rule of Civil Procedure 12(b)(2). (Doc. 12 & 13). Rule 12(b)(2) provides an avenue for dismissal where, as here, a federal court does not have personal jurisdiction over the defendants.

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991). Arkansas's long-arm statute "confers jurisdiction to the fullest constitutional extent;" therefore, the court must inquire "whether the exercise of personal jurisdiction comports with due process." *See Denver v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (internal citation omitted).

The Supreme Court has recognized two theories for finding personal jurisdiction:  specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414-415 (1984). General jurisdiction exists if a defendant has continuous and systematic contact with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "[S]pecific jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Dever*, 380 F.3d at 1073. The Eighth Circuit has established a five-factor test to determine the sufficiency of a defendant's contacts with the forum state. These are: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3)

the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Burlington Indus. Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

When personal jurisdiction is challenged, the plaintiff has the burden to show jurisdiction exists. *See Dever*, 380 F.3d at 1072–73 (8th Cir. 2004) (internal citation omitted). Specifically, a plaintiff must make a *prima facie* showing that personal jurisdiction exists, which requires creating "a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011). Although "[t]he evidentiary showing required at the *prima facie* stage is minimal, the 'showing must be tested, not by the pleadings alone, but by the affidavits and exhibits' supporting or opposing the motion." *Id*. (internal citations omitted). The district court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing.

Given these standards, defendants' motions must be granted.  Neither general nor specific jurisdiction exists. The defendants are all Louisianans, who neither party alleges have had any contacts with Arkansas. Further, none of the events challenged in the complaint occurred in Arkansas. Ms. Piliego offers nothing in her response to counter defendants' arguments that this Court has no jurisdiction. The only reason this forum is involved at all is due to Ms. Piliego's relocation and initiation of this lawsuit where she now lives. Ms. Piliego's desire to have no further contact with Louisiana (Doc. 15 at 2–3) is understandable, but it is not grounds for this Court's jurisdiction.

### III.    Conclusion

Defendants' motions to dismiss (Doc. 12 & 13) are GRANTED, in part. Defendants request

that this matter be dismissed with prejudice is denied. Ms. Piliego's complaint is DISMISSED without prejudice, meaning she is free to refile in the appropriate jurisdiction.

IT IS SO ORDERED this 9th day of August, 2023.

_____
UNITED STATES DISTRICT JUDGE